# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE No. 1:19-cr-00083 |
| | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| JEREMMY TRILLO-GELPI, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM
April 27, 2020

## I. Introduction.

Currently pending is Defendant Jeremmy Trillo-Gelpi's motion for reconsideration of his detention order. Trillo-Gelpi seeks release under 18 U.S.C. § 3142(i), which provides that the court may temporarily release a defendant in pretrial detention when such release is necessary for preparation of the defendant's defense or for another compelling reason. Trillo-Gelpi contends that release is necessary for the preparation of his defense. For the reasons that follow, we will deny Trillo-Gelpi's motion.

**II. Background and Procedural History.**

On March 13, 2019, the Grand Jury returned an indictment as to Trillo-Gelpi and six other individuals. *Doc. 1*. Count One of that indictment charged Trillo-Gelpi with conspiracy to distribute and possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. § 846. *Id.* at 1–5. According to the indictment, Trillo-Gelpi is responsible for "100 grams and more of a mixture and substance containing heroin and an unspecified quantity of a mixture and substance containing fentanyl." *Id.* at 4.

On April 1, 2019, Trillo-Gelpi appeared before the undersigned for an initial appearance and arraignment. After counsel was appointed to represent him, Trillo-Gelpi pleaded not guilty. *Docs. 79, 81*. And the United States moved to detain Trillo-Gelpi. *Doc. 75*.

The probation office prepared a pretrial services report, which indicated that Trillo-Gelpi was interviewed on April 1, 2019, and he stated that he is in good health and he has no medical problems. Trillo-Gelpi also reported a history of substance abuse (alcohol and cannabinoids) beginning at age 18. That report also disclosed that when he was 19 years old, Trillo-Gelpi was arrested for simple assault by the Harrisburg Police. He subsequently entered the accelerated rehabilitative disposition ("ARD") program, but a bench warrant was later issued for his failure to appear, and Trillo-Gelpi was terminated from the ARD program

and resentenced to time served.  At age 20, Trillo-Gelpi was again arrested, and he was subsequently convicted of several counts of corruption of minors[1] and sentenced to 60-months of probation.  Trillo-Gelpi allegedly committed the offense with which he is charged in this case at the time he was on probation.

On April 1, 2019, after a detention hearing, Trillo-Gelpi was detained.  We found that there was probable cause to believe that Trillo-Gelpi committed an offense for which the maximum prison term is ten years or more as prescribed in 21 U.S.C. § 801 *et seq*. *Doc. 84* at 1.  Based on that finding, a rebuttable presumption arose that "no condition or combination of conditions will reasonably assure the appearance of [Trillo-Gelpi] as required and the safety of the community." 18 U.S.C.A. § 3142(e)(3)(A).  Trillo-Gelpi did not rebut that presumption. *Doc. 84* at 2.  And we detained him because he is a danger to the community and a flight risk. *Id*.  Trillo-Gelpi's trial is currently scheduled for June 1, 2020. *See Text Order of Apr. 23, 2020*.

On April 17, 2020, Trillo-Gelpi, who is currently incarcerated at the Dauphin County Prison, filed a motion for reconsideration of his detention order (*doc. 148*), and he later filed a brief in support (*doc. 149*) of that motion.  He

---

[1] Trillo-Gelpi asserts that the pretrial services report incorrectly reflects a prior conviction for rape, but his actual conviction was for corruption of minors. *See Doc. 148* at ¶ 9.  The pretrial services report, however, correctly reflects that Trillo-Gelpi was convicted of corruption of minors and that the remaining charges, including the rape charge, were *nolle prossed*.

contends that because the Dauphin County Prison currently prohibits contact visits he is unable to review discovery with his counsel, and, thus, he cannot adequately prepare for trial. Trillo-Gelpi is seeking release to his mother, who will act as a third-party custodian. In the alternative, he seeks release subject to electronic monitoring.

On April 23, 2020, the United States filed a brief in opposition to Trillo-Gelpi's motion. The United States contends that the original grounds for the court detaining Trillo-Gelpi are unchanged and he is a flight risk and a danger to the community. It also contends that neither the COVID-19 pandemic itself nor the restrictions on visitation at the Dauphin County Prison as a result of the pandemic warrant releasing Trillo-Gelpi, but if the court does release Trillo-Gelpi, such release should be under conditions, including a health screening.

In accordance with the standard procedures that the court implemented to address these types of release motions, on April 17, 2020, a text order was issued directing that after the parties confer, the defendant shall file a notice that, among other things, states "whether the parties believe an in-court hearing is necessary to decide the motion and/or to determine the suitability of a third-party custodian." (Apr. 17, 2020 Docket Entry-Text Order). In response, the defendant filed a letter asking the court to schedule a hearing. *Doc. 152*. We conclude, however, that a

hearing is not necessary in this case.[2] Even assuming that Trillo-Gelpi's mother would be a suitable third-party custodian, we conclude that Trillo-Gelpi is not entitled to release.

**III.  Discussion.**

Trillo-Gelpi seeks release under 18 U.S.C. § 3142(i).  Section 3142 concerns release or detention of a defendant pending trial, and after setting forth what a detention order must contain, 18 U.S.C. § 3142(i) provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

The defendant bears the burden of showing that he is entitled to release under § 3142(i). *United States v. Cox*, No. 2:19-cr-00271-RFB-VCF, 2020 WL 1491180, at *2 (D. Nev. Mar. 27, 2020).

The court has recently received a slew of motions seeking release under § 3142(i) arguing that release is warranted due to the heightened risk of contracting COVID-19 in the prison setting.  Unlike those other motions, Trillo-Gelpi does not

---

[2]  We are unaware of any authority that provides that a defendant seeking release under 18 U.S.C. § 3142(i) is entitled to a hearing, and we are able to resolve the defendant's motion without a hearing or oral argument.

seek release on that basis.[3]  Rather, his motion is more limited.  He seeks release under § 3142(i) only on the basis that such release is necessary for the preparation of his defense.

Trillo-Gelpi contends that his attorney "has received discovery information consisting primarily of phone conversation[s] obtained from co-defendants['] telephones." *Doc. 148* at ¶ 5(b).  According to Trillo-Gelpi, because the Dauphin County Prison currently prohibits contact visits, he cannot review this discovery with his counsel.  Trillo-Gelpi concludes that "[u]nless defense counsel can meet with defendant to review and discuss the audio evidence, he cannot adequately prepare for trial." *Id*. at ¶ 5(d).  And he contends his "release to a third-party

---

[3] The United States addresses Trillo-Gelpi's motion as if it does seek release based on the heightened risk of contracting COVID-19 in prison.  But because Trillo-Gelpi does not make such an argument, we do not address that issue.  In any event, release on that basis would not be warranted for Trillo-Gelpi, who is in his twenties and who has no medical conditions.  The United States also addresses Trillo-Gelpi's motion as if it seeks to reopen Trillo-Gelpi's detention hearing pursuant to 18 U.S.C. § 3142(f), which provides, in pertinent part:
>The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Trillo-Gelpi does not, however, even mention § 3142(f) in either his motion or his brief.  Thus, we do not address that statutory provision.  In any event, Trillo-Gelpi has not set forth a basis for reopening his detention hearing.

custodian will allow [him] and counsel to adequately prepare for trial as well as assure [his] appearance for court proceedings." *Id*. at ¶ 10.

The fact that because of the COVID-19 pandemic, Trillo-Gelpi and his counsel cannot have a contact visit at the Dauphin County Prison is certainly inconvenient and makes consultation regarding discovery more difficult. "But there is nothing unique about [Trillo-Gelpi's] situation—as opposed to all detained defendants who must assist in their defense within the limits of pretrial custody—that would make temporary release for trial preparations 'necessary' here." *United States v. Villegas*, No. 2:19-CR-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020). "If federal courts had to order temporary release just because it would aid a defendant's ability to work with counsel, the exception in section 3142(i) would swallow all detention orders." *Id*. Temporary release is not warranted "just because it would be helpful, preferable, or even ideal for a defendant's trial preparations." *Id*. "At a minimum, detained defendants seeking temporary release under section 3142(i) for 'necessary' trial preparations must show why less drastic measures—such as requests to continue the trial date (consistent with the Speedy Trial Act) or alternative means of communication (including in writing or by available remote conferences)—would be inadequate for their specific defense needs." *Id.*

Here, Trillo-Gelpi has not shown that his release is necessary for the preparation of his defense. Although he asserts that he cannot have contact visits with his counsel at the prison, he has not shown that he cannot have non-contact visits with his counsel at the prison. Trillo-Gelpi also has not shown that the Dauphin County Prison does not allow attorney-client consultations by teleconference or telephone. And "the court is confident that the [prison] will respect the privileged nature of the communications between attorneys and their clients as nothing to the contrary has been brought to our attention to cause us concern." *United States v. Mendoza*, 5:20-mj-00011 2020 WL 1663361, at *3 (M.D. Pa. Apr. 3, 2020). Thus, Trillo-Gelpi is still able to confer with his counsel.

In sum, Trillo-Gelpi has not shown that his release is necessary for the preparation of his defense.[4]

---

[4] Mentioning the Speedy Trial Act, Trillo-Gelpi asserts that by court order, trials have been temporarily suspended, and there is no indication when they will resume. *Doc. 149* at 3. Trillo-Gelpi's trial, however, is scheduled for June 1, 2020. *See Text Order of Apr. 23, 2020.* By standing orders, the court has excluded the time-period from March 16, 2020, through May 31, 2020, under the Speedy Trial Act. *See* Standing Orders No. 20-01 (Supp.) (Mar. 18, 2020), 20-10 (Apr. 8, 2020).

## IV. Order.

Based on the foregoing, Trillo-Gelpi's motion for reconsideration of detention order (*doc. 148*) is **DENIED**. An appropriate order will follow.

<div style="text-align: right;">

<u>*S/Susan E. Schwab*</u>
Susan E. Schwab
Chief United States Magistrate Judge

</div>